# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CHIDI ANORUO, | |
|     Plaintiff, | Case No. 2:11-cv-02070-MMD-CWH |
| vs. | **ORDER** |
| ERIC K. SHINSEKI, Secretary of Veteran Affairs, | |
|     Defendant. | |

This matter is before the Court on Defendant's Motion to Stay Discovery (#15), filed May 16, 2012. The motion is unopposed.

As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery when a dispositive motion is pending. The court determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Evaluation of a request for a stay often requires a magistrate to take a

"preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id*. (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. As noted in *Tradebay*, "[t]he explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), has made the speedy determinations of cases increasingly more difficult." Thus, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." *Tradebay*, 278 F.R.D. at 603.

The Court has conducted a preliminary review of the pending motion to dismiss (#9) and finds that a limited stay of discovery is appropriate. At the outset, it is noted that Plaintiff did not file a response to this motion. The failure of an opposing party to file a response can be grounds to grant the requested relief. *See* Local Rule ("LR") 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). Although Plaintiff's complaint is not a model of clarity, it appears that he is a former federal employee attempting to pursue Title VII claims for discrimination.[1] The alleged discrimination appears to stem from (1) the denial of Plaintiff's application for the Education Department Reduction Program; (2) the non-selection for a pharmacy supervisory position at Mike O'Callaghan Federal Hospital; and (3) closure of a pharmacy infectious disease clinic.

Defendant asserts that a stay is warranted in this matter because each of the asserted Title VII claims is time-barred based on Plaintiff's failure to exhaust his administrative remedies. "To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). In order to exhaust administrative remedies, federal employees, such as Plaintiff, must first consult with an Equal Employment Opportunity ("EEO") counselor

---

[1] In 1972, Congress amended Title VII of the Civil Rights Act of 1964 to extend its coverage to federal employees. *See* 42 U.S.C. § 2000e-16 (personnel actions affecting federal employees or applicants must "be made free from any discrimination based on race, color, religion, sex, or national origin.").

within 45 days of the alleged discriminatory matter. If the matter is not resolved, a plaintiff must file a formal administrative complaint with the agency that allegedly discriminated against him withing 15 days of receiving notice from the EEO counselor. *See* 29 C.F.R. § 1614.105(a), (d); 29 C.F.R. § 1614.106(a), (b). Failure to comply with this regulation is "fatal to a federal employee's discrimination claim." *Lyons*, 307 F.3d at 1105 (citation omitted).

The alleged events underlying Plaintiff's claim in this case occurred on May 24, 2004 (denial of Plaintiff's application for the Education Department Reduction Program ("EDRP")); September 19, 2007 (closure of a pharmacy infectious disease clinic); and May 18, 2009 (non-selection for a pharmacy supervisory position at Mike O'Callaghan Federal Hospital). In his opposition to the motion to dismiss, Plaintiff does not dispute that he first contacted an EEO counselor on July 30, 2010. Instead, Plaintiff argues that his contact with the EEO counselor was timely because it was made within 45 days after the Department of Veteran Affairs "shut down all possible good faith resolution" options. *See* Pl.'s Resp. (#11) at 3:5-9. According to Plaintiff, the 45 day window to consult an EEO counsel should be measured from the date the Department cutoff communications because it was only after this event that he became aware of the alleged discrimination.

Plaintiff characterizes his argument as one for equitable tolling. It is his burden to show he is entitled to equitable tolling. *Scholar v. Pacific Bell*, 963 F.2d 264-266-67 (9th Cir. 1993). Citing *Miller v. Aluminum Co. of America*, 679 F. Supp. 495 (W.D. Pa. 1988), Plaintiff first claims that he is entitled to equitable tolling because he was actively misled by the Department of Veteran Affairs, to his detriment. It is true that the Ninth Circuit recognizes equitable tolling when (1) the defendant's wrongful conduct or (2) extraordinary circumstances make it impossible for the plaintiff to timely assert a claim. *Torres v. County of Lyon*, 2009 WL 905046 (D. Nev. 2009) (citation omitted). "Wrongful conduct" consists of a defendant's fraudulent concealment of relevant facts without any fault or lack of due diligence by the plaintiff. *See Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). "Extraordinary circumstances" are those in which external forces beyond a plaintiff's control prevent a plaintiff from bringing his claim. *Torres*, 2009 WL 905046 at *5 (citing

3

*Osbourne v. United States*, 164 F.2d 767 (2d Cir. 1947)).

Even assuming the application of these doctrines, neither the complaint nor the documentation filed therewith support Plaintiff's claim for equitable tolling. *See Colgan v. Mabus*, 2012 WL 2061686 (S.D. Cal. 2012) (plaintiff not entitled to equitable tolling when she failed to allege facts in the complaint sufficient to support grounds upon which equitable tolling relied). Plaintiff's failure to allege any facts in support of his claim to equitable tolling is fatal. Moreover, the allegations and documents appear to undermine his argument.

Plaintiff admits that he was aware of the denial of his EDRP application as early as September 1, 2004, and was officially informed of the denial on May 24, 2004. *See* Pl.'s Amend. Compl. (#4) at 12. Plaintiff indicates, and the exhibits attached to his complaint verify, that he has contacted various officials from the Department continuously for approximately 7-8 years prior to bringing this lawsuit. However, he never contacted an EEO counselor, despite the Department's continued position that his application was untimely. There is nothing suggesting wrongful conduct in the form of fraudulent concealment or circumstances beyond Plaintiff's control that would have prevented timely contact with an EEO counselor. The same is also true of Plaintiff's claim for discrimination based on the September 19, 2007, closure of the pharmacy infectious disease clinic and May 18, 2009, non-selection for a supervisory position. Obviously, Plaintiff was aware of both of these actions on the days they occurred. Neither decision was concealed from Plaintiff and there are no circumstances asserted that support the claim that Plaintiff could not have timely contacted an EEO counselor.

Citing *King v. State of Cal.*, 784 F.2d 910 (9th Cir. 1986), Plaintiff also argues that the 45-day window to contact an EEO counselor should be tolled because he timely contacted an EEO counsel once he was aware of the discriminatory nature of the conduct. A Title VII claim accrues upon awareness of the actual injury and not when a plaintiff suspects a legal wrong. *Lukowvsky v. City and County of San Francisco*, 535 F2d 1044, 1049 (9th Cir. 2008). The complaint in this matter clearly identifies the dates on which the allegedly discriminatory acts actually occurred. It does not appear Plaintiff contacted an EEO counselor in a timely fashion after any of the alleged discriminatory acts.

It also appears Plaintiff is arguing that the alleged discriminatory acts were part of a "continuing violation" on which he based an EEO charge in 2010. It does not appear that Plaintiff is making a hostile work environment claim. Each of the alleged discriminatory acts appear to be a discrete event. The Supreme Court addressed the issue of the continuing violation theory in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock ticking for filing charges alleging that act." 536 U.S. at 113-14. Given that Plaintiff first saw an EEO counselor on July 30, 2010, it appears likely that most, if not all, of the allegedly discriminatory acts set forth in Plaintiff's complaint are time barred.

Based on the foregoing, and consistent with the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the undersigned concludes that Defendant has met its heavy burden and a stay of discovery is warranted. It does appear likely that most, if not all, of Plaintiff's Title VII claims are time-barred for failure to exhaust his administrative remedies. "To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). Rather than force the parties to engage in discovery, the Court will stay discovery pending resolution of Defendant's motion to dismiss (#9). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (#15) is **granted**.

DATED this 6th day of August, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**