UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOSEPH CHIDI ANORUO, | Case No. 2:11-cv-02070-MMD-CWH |
|---|---|
| Plaintiff, | ORDER |
| v. | (Def.'s Motion to Dismiss – dkt. no. 9) |
| ERIC K. SHINSEKI, Secretary of Veteran Affairs, | (Plf.'s Motion for Leave to File a Second Amended Complaint – dkt. no. 12) |
| Defendant. | |

## I.   SUMMARY

Before the Court is Defendant Shinseki's Motion to Dismiss (dkt. no. 9), and Plaintiff's Motion for Leave to File a Second Amended Complaint (dkt. no. 12). For reasons discussed below, Defendant's Motion is granted with prejudice and Plaintiff's Motion is denied.

## II.   BACKGROUND

Pro se Plaintiff Joseph Anoruo is a pharmacist and employee[1] of the Department of Veteran Affairs ("DVA"). On December 22, 2011, Plaintiff filed a Complaint alleging that Defendant discriminated against him on the basis of national origin in violation of

---

[1] It is unclear from the facts provided in the Complaint whether Plaintiff is a current or former employee of the DVA.

Title VII of the Civil Rights Act of 1964.  (Dkt. no. 1.)  Plaintiff alleges that while employed with the DVA, he experienced three instances of discrimination: (1) the DVA denied his application for the Education Department Reduction Program; (2) Plaintiff was not selected for a pharmacy supervisory position at the Mike O'Callaghan Federal Hospital; and (3) Plaintiff experienced discrimination when authorities at the DVA closed down Plaintiff's pharmacy infectious disease clinic.  Plaintiff alleges that these actions amount to disparate treatment and retaliation under Title VII.

On March 30, 2012, Defendant filed a Motion to Dismiss, claiming that all of Plaintiff's allegations must be dismissed because Plaintiff has not exhausted his administrative remedies.  Plaintiff filed a hybrid Response and Motion for Leave to File a Second Amended Complaint (dkt. no. 12).  In his Motion, Plaintiff states that he intends to "reformulate the content and form" of his First Amended Complaint ("FAC").  (Dkt. no. 12 at 7.)   Defendant counters by arguing that Plaintiff's proposed Second Amended Complaint ("SAC") contains two time-barred claims and two additional claims that are also without merit.

### III.  DISCUSSION

#### A.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged– but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**B.  Plaintiff Has Failed to Exhaust his Administrative Remedies**

"To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). "Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." *Id.*

In order to exhaust administrative remedies, federal employees like Plaintiff must first consult with an Equal Employment Opportunity ("EEO") counselor within forty-five (45) days of the alleged discriminatory incident(s). If the matter is not resolved, a plaintiff must file a formal administrative complaint with the agency that allegedly discriminated against him within fifteen (15) days of receiving notice from the EEO counselor. *See* 29

C.F.R. § 1614.105(a), (d); 29 C.F.R. § 1614.106(a), (b). Failure to comply with these requirements is "fatal to a federal employee's discrimination claim." *Lyons*, 307 F.3d at 1105 (citation omitted).

The three allegedly discriminatory events described in Plaintiff's FAC occurred on May 24, 2004 (denial of Plaintiff's application for the Education Department Reduction Program), September 9, 2007 (closure of a pharmacy infectious disease clinic), and May 18, 2009 (non-selection for a pharmacy supervisory position at the Mike O'Callaghan Federal Hospital). All parties agree that Plaintiff did not contact an EEO officer until July 30, 2010, well outside the forty-five day required timeframe. *See* 29 C.F.R. § 1614.105(a)(1). Plaintiff argues that the 45-day window to consult with an EEO officer should be measured from the date that the DVA cut off all communications with him, which was June 24, 2010. However, the timeframe for corresponding with the EEO runs from the date of the allegedly discriminatory act, not the last date of communication with the allegedly discriminatory person or agency. *See id.*

Nor is Plaintiff entitled to equitable tolling of his claims. Plaintiff argues that he is entitled to equitable tolling because the DVA actively misled him regarding whether it would provide him an internal remedy. (Dkt. no. 12 at 5.) The Ninth Circuit recognizes equitable tolling when (1) the defendant has engaged in wrongful conduct; or (2) extraordinary circumstances make it impossible for the plaintiff to timely assert a claim. *Torres v. County of Lyon*, No. 3:07-cv-538, 2009 WL 905046, at *5-6 (D. Nev. March 31, 2009). "'Wrongful conduct' consists of a defendant's fraudulent concealment of relevant facts without any fault or lack of due diligence by the plaintiff." *Id.* at 5 (citation omitted). Plaintiff fails to plead any facts giving rise to an inference that the DVA fraudulently concealed whether it would provide him with an internal remedy. Further, Plaintiff's decision not to contact an EEO officer until 2010 demonstrates a lack of due diligence on his part. The allegations in the FAC demonstrate that Plaintiff had been in discussion with various officials at DVA for 7-8 years before bringing this lawsuit. Despite this, Plaintiff did not contact an EEO counselor until June 2010.

For these reasons, Plaintiff's Title VII claims against Defendant are dismissed with prejudice.

### C. Allowing Plaintiff to file a SAC Would be Futile

In his proposed SAC, Plaintiff alleges what are essentially the same two Title VII causes of action as he alleged in his FAC. (Dkt. no. 12 at 14.) As such, allowing Plaintiff to allege the two Title VII causes of action included in his proposed SAC would be futile. Although leave to amend a complaint is liberally granted under Fed. R. Civ. P. 15, "leave to amend need not be granted if the proposed amended complaint would subject to dismissal." *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992) (citing *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of Am.*, 919 F.2d 1398 (9th Cir.1990); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

In his proposed SAC, Plaintiff adds two additional causes of action: (1) breach of employment contract between Plaintiff and the United States amounting to $62,518.94 in damages; and (2) a common law theory of unjust enrichment.

The unjust enrichment claim is futile because the United States has not waived its sovereign immunity for quasi-contractual claims such as unjust enrichment. *See Am. Cargo Transport, Inc. v. United States*, No. CO5-393, 2007 WL 3171423, at *4 (W.D. Wash. Oct. 26, 2007) (citing as grounds for dismissal of a plaintiff's unjust enrichment claim the fact that "the government has not waived its sovereign immunity as to causes of action based on contracts implied by law, i.e., quasi-contract . . . .").

The Court does not have jurisdiction over the proposed breach of contract claim. This is because the Court of Federal Claims has jurisdiction over claims against the United States for more than $10,000. *Munoz v. Mabus*, 630 F.3d 856, 864 (9th Cir. 2010). It is true that Plaintiff may have a colorable breach of contract claim. Defendant argues that this cause of action is time-barred. Breach of contract claims against the

5

United States are governed by a six year statute of limitations. 28 U.S.C. § 2501 ("[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.") Plaintiff alleges that the breach of contract occurred in 2010. (Dkt. no. 12 at ¶ 50.) Defendant argues that this was clearly not the case based on Plaintiff's Complaint. On review, the Court disagrees. It is unclear from the Complaint when the date of the alleged breach of contract occurred. However, it would be improper for Plaintiff to bring such a claim in this Court. The proper venue for this claim is the Court of Federal Claims.

For these reasons, it would be futile for Plaintiff to file any of the causes of actions alleged in his proposed SAC in this Court. The Motion is accordingly denied.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (dkt. no. 9) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a SAC (dkt. no. 12) is DENIED.

The Clerk of the Court is directed to close this matter.

DATED THIS 23rd day of August 2012.

_____
UNITED STATES DISTRICT JUDGE